IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-rj-00004-NYW

KENNETH D. BELL, in his capacity as court-appointed receiver for Rex Venture Group, LLC, d/b/a ZeekRewards.com,

    Plaintiff,

v.

TODD DISNER, in his individual capacity and in his capacity as trustee for KESTREL SPENDTHRIFT TRUST;
TRUDY GILMOND;
TRUDY GILMOND, LLC;
JERRY NAPIER;
DARREN MILLER;
RHONDA GATES;
DAVID SORRELLS;
INNOVATION MARKETING, LLC;
AARON ANDREWS;
SHARA ANDREWS;
GLOBAL INTERNET FORMULA, INC.;
T. LEMONT SILVER;
KAREN SILVER;
MICHAEL VAN LEEUWEN;
DURANT BROCKETT;
DAVID KETTNER;
MARY KETTNER;
PAWS CAPUITAL MANAGEMENT LLC;
LORI JEAN WEBER;
A DEFENDANT CLASS OF NET WINNERS IN ZEEKREWARDS.COM,

    Defendants.

## ORDER AND FINAL JUDGMENT
## AS TO NATIONWIDE JUDGMENT RECOVERY, INC.

This matter is before the Court on the Judgment Creditor's Motion for Entry of Judgment in Garnishment Action filed by Nationwide Judgment Recovery, Inc. ("Nationwide"). [Doc. 33, filed December 2, 2022].

Kenneth D. Bell ("Mr. Bell") owns and holds a valid and subsisting outstanding judgment against Phyl Franklin (or "Judgment Debtor"). [Doc. 1 at 1–4]. That judgment was issued and entered by the United States District Court of the Western District of North Carolina, Civil Action No. 3:14-cv-00091-GCM (the "Underlying Judgment"). [*Id.* at 5–6]. In the Underlying Judgment, Matthew E. Orso, in his capacity as successor court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com for Receiver Kenneth D. Bell (the plaintiff in that case), was awarded judgment against Phyl Franklin for the sum of $90,648.86 together with post-judgment interest at the rate of 1.22% per annum. [*Id.* at 4]. Nationwide is an assignee of Matthew E. Orso, in his capacity as successor court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com for Receiver Kenneth D. Bell, and is the current owner and holder of the Underlying Judgment. [Doc. 33 at ¶ 1].[1]

---

[1] Nationwide refers to itself as the "Plaintiff" and "assignee of Matthew E. Orso, in his capacity as successor court-appointed Receiver for Rex Venture Group, LLC d/b/a Zeek Rewards.com for Receiver Kenneth D. Bell." [Doc. 33 at 1]. However, the only named plaintiff in this case is Kenneth D. Bell, in his capacity as court-appointed receiver for Rex Venture Group, LLC, d/b/a ZeekRewards.com. Nevertheless, the Court acknowledges the Amended Receivership Order Appointing Successor Receiver, dated May 20, 2019, wherein United States District Judge Graham C. Mullen appointed Matthew E. Orso to serve as "temporary successor receiver" in the underlying action against Rex Venture Group, LLC, d/b/a ZeekRewards.com. *See* [Doc. 1 at 7–12]. The Court also notes the Assignment of Judgment filed in the Underlying Judgment, wherein Mr. Orso assigned his rights and interests to the judgment to Nationwide Judgment Recovery, Inc. [*Id.* at 5–6].

Under Rule 25 of the Federal Rules of Civil Procedure, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). A leading authority on the Federal Rules of Civil Procedure has described the discretionary nature of Rule 25(c) as follows:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.

2

According to Nationwide, "[t]he time for appeal of the Underlying Judgment previously expired." [*Id.* at ¶ 2]. The Underlying Judgment was registered in this Court on February 4, 2021. [Doc. 1 at 1].

Relevant to the instant Motion, on October 6, 2022, Nationwide filed an Application for a Writ of Garnishment against Canvas Credit Union. [Doc. 27]. On October 7, 2022, a Writ of Garnishment with Notice of Exemption and Pending Levy ("Writ of Garnishment") was issued. [Doc. 28]. On October 17, 2022, Canvas Credit Union filed an Answer to the Writ of Garnishment. [Doc. 29]. In its Answer, Canvas Credit Union stated that it was indebted to Phyl Franklin (the Judgment Debtor) in the amount of $418.35. [Doc. 29]. According to Nationwide, Mr. Franklin "was previously served with a copy of the Application for a Writ of Garnishment and the Writ of Garnishment but has not appeared in this action." [Doc. 33 at ¶ 4]. On December 2, 2022, Nationwide filed the instant Motion for Judgment in Garnishment Action, seeking an order of judgment regarding the $418.35 identified in Canvas Credit Union's Answer. [*Id.* at ¶ 5].

The Motion for Entry of Judgment in Garnishment Action [Doc. 33] is **GRANTED**. Judgment is hereby entered in this action as follows:

---

> The court, if it sees fit, may allow the transferee to be substituted for the transferor. It also is free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party. In either case, personal jurisdiction and venue will be extended over the successor; it is not necessary to re-establish those requirements.

7C Charles Alan Wright et al., Federal Practice and Procedure § 1958 (footnotes omitted). Thus, the Court finds it unnecessary to require the substitution of Plaintiff under the circumstances of this case.

**IT IS ORDERED** that Nationwide Judgment Recovery, Inc. shall recover from Canvas Credit Union the sum of $418.35, and Canvas Credit Union shall pay that sum to Nationwide Judgment Recovery, Inc. within ten (10) days after entry of this Order;

**IT IS FURTHER ORDERED** that, effective upon its making of the above-described payment of $418.35 to Nationwide Judgment Recovery, Inc., Canvas Credit Union and all of its subsidiaries and affiliated entities will be discharged of all liability regarding the above-described $418.35, including liability to Phyl Franklin and affiliated entities and/or any other entities. Such discharge of liability is without prejudice to Nationwide Judgment Recovery, Inc.'s right to garnish Canvas Credit Union, its subsidiaries, affiliated entities, or any other person or entity in the future with regard to other debts and/or money belonging to or owed to Judgment Debtor.

**IT IS FURTHER ORDERED** that any relief requested in this action which is not expressly granted herein is hereby denied, and that this judgment disposes of all claims to the above-described $418.35 fund in this action and is appealable.

DATED: August 1, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge